UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COUNTRY CLUB DRIVE ASSOCIATES, LLC,<br><br>                      Plaintiff,<br><br>                         v.<br><br>CLINTON TOWNSHIP SEWERAGE AUTHORITY; TOWNSHIP OF CLINTON; GREGORY WATTS, ESQ; WATTS, TICE & SKOWRONEK; NORTH HUNTERDON-VOORHEES REGIONAL HIGH SCHOOL DISTRICT; NORTH HUNTERDON-VOORHEES REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION; MOTT MACDONALD, INC.,<br><br>                      Defendants. | Before: Leo M. Gordon, Judge<br><br>Court No. 3:19-cv-20525 |

## OPINION and ORDER

[Motion to file Second Amended Complaint granted in part and denied in part.]

                                                                                                   Dated: October 30, 2024

Daniel B. Tune, Tune Law Group, LLC, of Whitehouse Station, N.J. for Plaintiff Country Club Drive Associates, LLC.

Alan S. Pralgever and Gary L. Koenigsberg, Greenbaum, Rowe, Smith, and Davis LLP, of Roseland, N.J. for Defendant Clinton Township Sewerage Authority.

Paul M. Bishop, Mason, Griffin & Pierson, PC, of Newark, N.J. for Defendant Clinton Township.

Court No. 3:19-cv-20525                                                            Page 2

Gordon, Judge[1]: In this action, Plaintiff Country Club Drive Associates, LLC ("CCD") brings claims against the township of Clinton ("Clinton"), its municipal sewer authority ("CTSA"), and various third parties allegedly involved with or having benefitted from the taking of Plaintiff's rights to send 250,000 gallons per day ("GPD") of wastewater to a treatment facility located in the neighboring town. See Am. Compl., ECF No. 43. Plaintiff now moves for permission to amend its complaint and file a Second Amended Complaint including a new Count XVII for a "Fifth Amendment Taking Directly Grounded Upon Fifth Amendment Takings Clause." See Plaintiff's Revised Motion to File Second Amended Complaint, ECF No. 114[2] ("Pl.'s Mot."). Defendants CTSA and Clinton oppose. See CTSA Resp. in Opp'n to Pl.'s Motion to Amend, ECF No. 119 ("CTSA's Resp."); Clinton Township Letter Joining CTSA Opposition, ECF No. 120 ("Clinton Letter"). Additionally, Plaintiff seeks to amend its complaint to assert tort claims against the North Hunterdon-Voorhees Regional School High School District Board of Education (the "Board of Education"). See Pl.'s Mot. at 10–11. For the following reasons, Plaintiff's motion to file a Second Amended Complaint is denied in part as to the proposed Count XVII, but granted in part as to bringing tort claims against the Board of Education.

---

[1] The Honorable Leo M. Gordon, Judge of the United States Court of International Trade, sitting by designation.

[2] Plaintiff's motion is styled as a "revised" motion to amend but is largely identical to Plaintiff's initial motion to amend, ECF No. 113. Plaintiff explained that certain "confusion" in the parties' discussions and the filing process had resulted in error requiring the refiling of the motion to amend. See Plaintiff's Letter re: Error, ECF No. 115 (explaining basis for filing of "amended" motion). The court views the revised motion, ECF No. 114, as superseding and mooting the original motion, ECF No. 113. Therefore, this opinion will dispose of the only live motion, ECF No. 114.

Court No. 3:19-cv-20525                                                                                           Page 3

### I. Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### II. Discussion

### A. Proposed Count XVII

Plaintiff commenced this action with the filing of its original complaint on November 20, 2019. See Compl., ECF No. 1. After a lengthy discovery period, Plaintiff moved to amend its complaint to refine its claims and add new parties. See First Mot. to Amend, ECF No. 38 (Dec. 7, 2022). After Defendants failed to file any opposition, the court granted Plaintiff's motion and allowed the filing of the First Amended Complaint. See Minute Order Granting Mot. to Amend, ECF No. 42 (Feb. 8, 2023).

Now, nearly 20 months after the filing of its First Amended Complaint, "Plaintiff seeks to amend to include a 'gap filler' claim directly based on the Fifth Amendment Takings Clause." Pl.'s Mot. at 3. Specifically, Plaintiff's moves to add "Count XVII: Fifth Amendment Taking Directly Grounded Upon Fifth Amendment Takings Clause," along with the following allegations:

Court No. 3:19-cv-20525	Page 4

> 215. Plaintiff CCD incorporates the allegations contained in all prior paragraphs as if set forth at length herein.
> 216. Defendants took Plaintiff's property rights.
> 217. Defendants failed to provide Plaintiff with just compensation for the Plaintiff's property rights taken.
> 218. As a result of said failure, Plaintiff has suffered damages.

Pl.'s Proposed Second Am. Compl., ECF No. 114-1. Beyond the addition of this new count, the remaining changes Plaintiff proposes to its First Amended Complaint are largely technical, non-substantive edits. See generally id. (correcting caption and defendant's name, and adding pincites). It is clear that the "proposed amendment does not add new parties and does not rely on events and transactions beyond which already give rise to this lawsuit." Pl.'s Mot. at 3.

Nevertheless, CTSA and Clinton oppose Plaintiff's motion, arguing that Plaintiff's proposed amendment to add Count XVII provides nothing more than an "unnecessary duplication of counts for 'taking.'" See CTSA Resp. at 4–5. These Defendants further maintain that Plaintiff's request is unreasonable given how many years have passed since the commencement of this action, and that this untimely and unjustified new request to amend will generate needless expense by Defendants in responding. Id.; see also Clinton Letter at 1–2 ("Here, the filing of an unnecessary Second Amended Complaint will unduly delay this matter and prejudice the Township. Moreover, the Second Amended Complaint it is futile because it provides redundant, immaterial, and impertinent information and claims to this matter that will unduly protract this litigation."). Specifically, these Defendants emphasize that Plaintiff has already pled a takings claim under the Fifth

Court No. 3:19-cv-20525                                                                                    Page 5

Amendment of the Constitution in Count I of its original (and First Amended) complaint.[3] See CTSA Resp. at 4–5; Clinton Letter at 2; see also First Am. Compl. ¶¶ 151–155, ECF No. 43.  Defendants also contend that Plaintiff's Count XVI for Inverse Condemnation "is essentially a similar claim, which further amplifies precisely why a third count on the same subject matter is not really required."  CTSA Resp. at 5; Clinton Letter at 2.

Plaintiff explains that it seeks to add this "new" claim so that Plaintiff may bring a takings claim directly under the Fifth Amendment, rather than through the procedural vehicle of 42 U.S.C. § 1983 (which Plaintiff acknowledges it has already alleged in Count I of its complaint).  See Pl.'s Mot. at 6–10.  Plaintiff further asserts that by bringing this new "direct" takings claim, it can avoid the obstacles presented by a variety of affirmative

---

[3] Compare Count XVII (allegations listed supra) with Count I, which consists of the following allegations:

> 151. Plaintiff CCD incorporates the allegations contained in all prior paragraphs as if set forth at length.
> 152. The Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use, without just compensation.
> 153. The rights of CCD with respect to the sewerage capacity that is the subject of this action constitute a property right under New Jersey state law, inasmuch as said rights are, under currently enforceable agreements and applicable law, exclusive to CCD and freely transferable on the open market.
> 154. The actions of the Defendants alleged hereinabove constitute a taking of CCD's property without just compensation, in violation of plaintiff's rights under the Fifth Amendment, enforceable pursuant to 42 U.S.C. § 1983.
> 155. As a result of the Defendants' actions, CCD suffered substantial economic harm from deprivation of a valuable property interest.

Am. Compl. ¶¶151–55, ECF No. 43.

Court No. 3:19-cv-20525 Page 6

defenses raised by the Defendants in response to Plaintiff's takings claim under section 1983. Id. at 9–10 (listing laches, statutes of limitations, and absolute and qualified immunities as potential defenses inapplicable to proposed new "direct" takings claims under Fifth Amendment). Thus, Plaintiff concludes that the court should permit the filing of a Second Amended Complaint so that Plaintiff can "cover gaps in the unconditional right to compensation if the court were to apply all the section 1983 exceptions to liability." Id. at 10.

Critically, Plaintiff suggests that it should be permitted to amend its complaint again to include this "direct" takings claim in light of the Supreme Court's recent decision in Devillier v. Texas, 601 U.S. 285. Id. at 6–8. It appears that Plaintiff's rationale is based on the view that it could not reasonably have been aware of a "direct" takings claim when it first filed its original and first amended complaints, and that Devillier has now opened the door to such a claim. Devillier, however, is unavailing, as Plaintiff expressly admits that:

> Due to the circumstances of the case, because the question presented was 'what would happen if a property owner had no cause of action to vindicate his rights under the Takings Clause,' and because the Supreme Court found that plaintiffs had available a state cause of action for inverse condemnation, the Supreme Court did not decide whether or not a Takings Clause claim may be brought directly from the Takings Clause itself without section 1983.

Id. at 8 (emphasis added and internal footnote omitted). Thus, Plaintiff cannot reasonably suggest that the Devillier decision awakened it to some change in the law that justifies such a late amendment of the complaint to add a novel "direct" takings claim. Plaintiff

argues that it "filed this case as a section 1983 action because [the Supreme Court decision in Knick v. Township of Scott, 588 U.S. 180 (2019)] expressly allowed a section 1983 takings action in federal court. However, there was no guidance how the courts would handle limitations in section 1983 as it applied to the unconditional nature of takings claims." Id. at 6. Plaintiff simply describes recent developments in the case law of takings under the Fifth Amendment, but ultimately provides no explanation for why it could not have alleged its "direct" takings claim with its original or first amended complaints. See Pl.'s Mot. at 6–8. Clinton and the CTSA, on the other hand, maintain that they would suffer prejudice from the cost of having to respond yet again to a new count in the complaint, several years after the commencement of the litigation. See CTSA Resp. at 5; Clinton Letter at 2. The court agrees.

Despite the liberal standard for allowing Plaintiff to amend its complaint under Rule 15(a), the court nevertheless concludes here that Plaintiff has failed to demonstrate that it should be permitted to file its proposed Second Amended Complaint. The Third Circuit has cautioned that "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied." Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). Here, however, Plaintiff's proposed amendment is prejudicial because it is not only unduly delayed, but also appears to be futile as it seeks to add a redundant claim. See CTSA Resp. at 3–5 (describing authority for courts striking redundantly pled claims); Clinton Letter at 2 (same). Plaintiff's arguments in support of its motion thus fail to persuade the court to permit amendment even under the liberal standard of the rule.

Court No. 3:19-cv-20525 Page 8

### B. Tort Claims Against the Board of Education

Plaintiff's motion to amend to file a Second Amended Complaint contains an independent second basis.  See Pl.'s Mot. at 10–11 (seeking "Amendment to Assert Tort Claims against the Board of Education Defendant").  Specifically, Plaintiff wishes to direct against the Board of Education the tort claims already alleged as to the other Defendants.  Plaintiff seeks amendment to bring those previously pled claims into compliance with the New Jersey Torts Claims Act with respect to the Board of Education.  See id. (citing the Torts Claims Act and specifically N.J.S.A. 59:8-8).  Given that Defendant Board of Education has filed no opposition, and in light of the liberal standard of Rule 15(a), the court will grant Plaintiff's motion in part to allow Plaintiff's tort claims to proceed against the Board of Education.

### III. Conclusion

For the foregoing reasons, the court denies Plaintiff's motion to amend the complaint to add a new Count XVII, but grants the remainder of the motion.  Accordingly, it is hereby

**ORDERED** that Plaintiff's motion, ECF No. 114, is **GRANTED in part** and **DENIED in part**; it is further

**ORDERED** that Plaintiff shall file and serve its Second Amended Complaint without Count XVII on or before Thursday November 17, 2024; it is further

**ORDERED** that Defendant Board of Education shall file an answer or otherwise respond to Plaintiff's Second Amended Complaint on or before Wednesday December 4, 2024; and it is further

Court No. 3:19-cv-20525                                                                                                    Page 9

**ORDERED** that the parties shall meet with the court via videoconference at a date and time to be determined during the week of December 9, 2024 to discuss next steps in the litigation.

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: October 30, 2024
        Newark, New Jersey