UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COUNTRY CLUB DRIVE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CLINTON TOWNSHIP SEWERAGE AUTHORITY; TOWNSHIP OF CLINTON; GREGORY WATTS, ESQ; WATTS, TICE & SKOWRONEK; NORTH HUNTERDON-VOORHEES REGIONAL HIGH SCHOOL DISTRICT; NORTH HUNTERDON-VOORHEES REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION; MOTT MACDONALD, INC.<br><br>Defendants. | Before: Leo M. Gordon, Judge<br><br>Court No. 3:19-cv-20525 |

**OPINION and ORDER**

[Motion for reconsideration of denial of motion to dismiss as to Count XV is granted.]

Dated: June 29, 2026

Daniel B. Tune, Tune Law Group, LLC, of Whitehouse Station, NJ for Plaintiff Country Club Drive Associates, LLC.

Jeffrey S. Leonard, Lewis Brisbois Bisgaard & Smith, LLP, of Newark, NJ for Defendants Gregory Watts and Watts, Tice & Skowronek.

Gordon, Judge[1]: In this action, Plaintiff Country Club Drive Associates, LLC ("CCD") brings claims against the Township of Clinton, the Clinton Township Sewer Authority ("CTSA"), and various third parties allegedly involved with or having benefitted

---

[1] The Honorable Leo M. Gordon, Judge of the United States Court of International Trade, sitting by designation.

Court No. 3:19-cv-20525                                                    Page 2

from the taking of Plaintiff's rights to send 250,000 gallons per day of wastewater to a treatment facility located in the neighboring town. See Am. Compl., ECF No. 43. Included among the third-party defendants are Gregory Watts and the law firm Watts, Tice & Skowronek (collectively, the "Watts, Tice Defendants"), who served as legal counsel for the CTSA during the period relevant to this litigation. Id. at ¶¶ 5–8.

The Watts, Tice Defendants previously moved to dismiss the various claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See Watts, Tice Defs.' Mot. to Dismiss, ECF No. 62 ("MtD"). Following oral argument, the court granted in part and denied in part the Watts, Tice Defendants' motion. See Oral Argument, ECF No. 100 (Jan. 11, 2024); Opinion and Order, 2024 WL 3028956, ECF No. 104 ("MtD Opinion"). Specifically, the court denied Defendants' motion to dismiss Count XV, alleging professional negligence,[2] after finding that Plaintiff had alleged that the Watts, Tice Defendants had made misrepresentations to third parties and that the Watts, Tice Defendants had not demonstrated that such allegations were insufficient to bring a claim of professional negligence under New Jersey law. See MtD Opinion at *8 (denying dismissal after concluding that "Defendants fail to dispute that Plaintiff satisfied the reliance element when it alleged that third-parties relied upon the Watts, Tice Defendants' misrepresentations").

---

[2] Professional negligence in the legal context is also commonly referred to as malpractice, and those terms are used interchangeably in the parties' briefs and in this Opinion.

Court No. 3:19-cv-20525                                                    Page 3

The Watts, Tice Defendants now move for reconsideration of the court's denial of the motion to dismiss as to Count XV, arguing that the "New Jersey Supreme Court's January 20, 2026 decision in <u>Christakos v. Boyadjis</u>, 262 N.J. 447 (2026), which adopted the Restatement (Third) of the Law Governing Lawyers [("Restatement")] § 51," constitutes an intervening change of controlling law that justifies granting the motion to dismiss. <u>See</u> Watts, Tice Defendants' R. 54(b) Motion Seeking Reconsideration of the Court's June 17, 2024 Order, ECF No. 170 ("Defs.' Mot."); <u>see also</u> Pl.'s Resp. in Opp'n to Reconsideration, ECF No. 175 ("Pl.'s Resp."); Defs.' Reply in Supp. of R. 54(b) Mot., ECF No. 176 ("Defs.' Reply").  The court held oral argument on the motion on May 19, 2026.  <u>See</u> Oral Argument on Motion for Reconsideration, Minute Entry (May 19, 2026). Familiarity with the court's prior decisions in this matter is presumed. For the reasons set forth below, the court will grant Defendants' motion and dismiss Count XV as to the Watts, Tice Defendants.

## I. Standard of Review

Motions for reconsideration made under Rule 54(b) occur when the Court issues an interlocutory order, such as in the present case that involves only a partial grant of a motion to dismiss. <u>See, e.g.</u>, <u>Beno v. Murray Am. River Towing, Inc.</u>, No. 16-1128, 2017 WL 3301445, at *3 (W.D. Pa. Aug. 3, 2017) (discussing 54(b) reconsideration with respect to partial grant of summary judgment). In ruling on a Rule 54(b) motion for reconsideration, "[t]he substantive standards ... are no different than a motion for reconsideration filed pursuant to [District of New Jersey] Local Civil Rule 7.1(i)." <u>Harding</u>

Court No. 3:19-cv-20525                                                    Page 4

v. Jacoby & Meyers, LLP, No. 15-6559, 2021 WL 2472323, at *2 (D.N.J. June 16, 2021) (citation omitted).

> District of New Jersey Local Civil Rule 7.1(i) states:

>> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Further, in ruling on a motion for reconsideration pursuant to Rule 54(b), the "standards articulated in Rule [ ] ... 60(b) are not binding ... [but] courts frequently look to these standards for guidance in considering such motions." Beno, 2017 WL 3301445, at *3 (citation omitted). Those standards are: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).

## II. Discussion

In originally moving to dismiss Count XV, the Watts, Tice Defendants contended that "Plaintiff cannot sustain a claim of professional negligence against [them] because no duty of care was owed to Plaintiff." Watts, Tice Defs.' Mot. to Dismiss at 7, ECF No. 62. They maintained that to recover on a professional negligence claim against an attorney,

Court No. 3:19-cv-20525                                            Page 5

Plaintiff must establish: (1) the existence of an attorney-client relationship, (2) a duty of care upon the attorney, (3) breach of that duty, and (4) proximate causation of damages. Id. (citing Conklin v. Hannoch Weisman, 145 N.J. 395, 416 (1996)).  Plaintiff, despite opposing the motion, conceded that "[t]here is no direct attorney-client relationship between Plaintiff, and the attorney/law firm defendants."  Pl.'s Opp'n to Watts, Tice MtD at 8, ECF No. 74.

The Watts, Tice Defendants further argued that the common theme of cases in which attorneys were found to have a duty towards non-clients was the "reliance of the non-clients upon some representation made by the attorney."  Watts, Tice Defs.' Mot. to Dismiss at 9.  Emphasizing that Plaintiff was represented by independent legal counsel, the Watts, Tice Defendants maintained that Plaintiff could not have reasonably relied upon advice from them because they were counsel to the CTSA, and not Plaintiff.  Id.

The court nevertheless denied the Watts, Tice Defendants' motion as to Count XV alleging professional negligence. See MtD Opinion at *8 (noting that it appeared that "Plaintiff satisfied the reliance element when it alleged that third-parties relied upon the Watts, Tice Defendants' misrepresentations").  The Watts, Tice Defendants now seek to focus on the recent decision in Christakos as providing an intervening change/clarification of controlling law to justify reconsideration of the denial of the motion to dismiss Count XV. See generally Defs.' Mot.  In Christakos, the New Jersey Supreme Court expressly noted that it was clarifying previously unsettled law as to when a lawyer may owe a duty to non-clients.  "Typically, non-clients are unable to show that the defendant attorney owed them

a duty of care." Christakos, 262 N.J. at 463 (citing LoBiondo v. Schwartz, 199 N.J. 62, 101 (2009) to note that "[t]he absence of a direct relationship between an attorney and a nonclient ordinarily negates the existence of any duty and, by extension, affords no basis for relief."). Highlighting its concern about allowing professional negligence claims by non-clients, Christakos emphasized that "the grounds on which any plaintiff may pursue a malpractice claim against an attorney with whom there was no attorney-client relationship are exceedingly narrow." Id. (quoting Green v. Morgan Props., 215 N.J. 431, 458 (2013)).

After observing the limitations on lawyers' liability to third-parties under New Jersey law, the New Jersey Supreme Court further acknowledged that its precedent identifying when such liability would arise was somewhat unclear, stating:

> Although previous instances in which we have held "an attorney may be liable" to non-client third parties "ha[ve] been carefully circumscribed," we have not always clearly articulated the test for when an attorney owes a duty of care to a non-client such that the non-client can bring an action for legal malpractice. We do so now, expressly adopting the provisions of Section 51 of the Restatement (Third) of the Law Governing Lawyers that we have relied on in prior cases.

Christakos v. Boyadjis, 262 N.J. at 464 (internal citations omitted). The Court further clarified that "under subsection (2) of Section 51 of the Restatement, … a lawyer owes a duty of care 'to a nonclient when and to the extent that: (a) the lawyer or (with the lawyer's acquiescence) the lawyer's client invites the nonclient to rely on the lawyer's opinion or provision of other legal services, and the nonclient so relies; and (b) the nonclient is not,

under applicable tort law, too remote from the lawyer to be entitled to protection.'" Id. (quoting Section 51(2) of the Restatement). At the core of this basis for a duty of care is a reliance interest of the non-client that was invited by the attorney. See id. at 469 (explaining that non-client Plaintiff's reliance on attorney's legal opinion is "an essential element under Section 51(2)").

As Defendants explain, the clarification in Christakos nullifies the basis for the court's initial concern about whether alleging the reliance of third parties may satisfy the pleading requirements of professional negligence against a lawyer by a non-client. See Defs.' Mot. at 4 ("However, the Restatement text, now controlling under Christakos, links invitation and reliance to the very non-client asserting the claim. No duty exists to Non-Client A based on alleged inducements made to Non-Client B. … Because Plaintiff was neither the invitee nor the relier, § 51(2) is not satisfied and Count XV fails."). While Plaintiff urges the court to maintain the position expressed in the MtD Opinion, it fails to explain how the court can do so in light of the Christakos clarification. See generally Pl.'s Resp. at 3–5 (maintaining, despite Christakos, that "the Court already correctly found Plaintiff's Complaint alleges the Watts, Tice Defendants made misrepresentations to third-parties that permitted those third parties to connect to Plaintiff's lines, or use Plaintiff's capacity without notice or consent" (emphasis added)). In light of the above, the court agrees with the Watts, Tice Defendants that the formal adoption and clarification of the Restatement in Christakos justifies reconsideration of the court's prior ruling. Accordingly, the court concludes, in accordance with Christakos, that allegations of

third-party reliance on the Watts, Tice Defendants' alleged misstatements are not enough to establish the requisite duty of care for Plaintiff to proceed with a claim of professional malpractice.

In addition to Section 51(2), the New Jersey Supreme Court also adopted Section 51(3) of the Restatement, which provides that "a lawyer owes a duty of care 'to a non-client when and to the extent that (a) the lawyer knows that a client intends as one of the primary objectives of the representation that the lawyer's services benefit the nonclient; (b) such duty would not significantly impair the lawyer's performance of obligations to the client; and (c) the absence of such a duty would make enforcement of those obligations to the client unlikely.'" Christakos, 262 N.J. at 466 (quoting Restatement Section 51(3)).  To support a claim of professional negligence under Section 51(3), Plaintiff must be able to demonstrate to a reasonable jury by "clear and convincing evidence" that the Watts, Tice Defendants knew that the CTSA intended the legal representation to benefit CCD.  See Christakos, 262 N.J. at 470 (finding no duty of care under Section 51(3) where Plaintiff cannot demonstrate status as non-client intended beneficiary by clear and convincing evidence).

In its response, Plaintiff maintains that the "public private partnership / joint venture, specifically intended to benefit all owners of capacity managed by Defendant CTSA and Defendant Township," suffices to establish a duty of care under either subsections of Section 51 of the Restatement.  See Pl.'s Resp. at 5–7.  However, as

Court No. 3:19-cv-20525                                                    Page 9

Defendants' counsel pointed out at oral argument, the Complaint[3] contains no allegations as to the purported "public private partnership" that Plaintiff has discussed in its opposition papers to the motion(s) to dismiss. Oral Arg. at 13:50–16:30 (Defendants' counsel pointing out how no such allegations can be found in the operative Complaint); id. at 30:40–32:05 (court colloquy with Plaintiff's counsel about lack of allegations regarding Plaintiff being an intended non-party beneficiary of Watts, Tice representation of CTSA); see also Am. Compl. (containing no references to any public private partnership or allegations that Watts, Tice representation of CTSA was intended to benefit Plaintiff). Accordingly, the court need not reach the question of whether allegations relating to a "public private partnership" may suffice to create a duty towards a non-client under Section 51 of the Restatement.  Given the absence of any such allegations, the court concludes that the Watts, Tice Defendants' motion to dismiss Count XV must be granted.

As explained in the MtD Opinion, Plaintiff has conceded that its claim does not depend on any alleged misrepresentations made by the Watts, Tice Defendants to Plaintiff, but rather hinges on alleged misrepresentations made to third-parties. See Pl.'s Opp'n to Watts, Tice MtD at 19 (explaining that "[l]iability arises because inaccurate

---

[3] While the First Amended Complaint, ECF No. 43, was the operative complaint for the adjudication of the motion to dismiss, a new Second Amended Complaint had been accepted by the time the present motion for reconsideration was filed. See Opinion and Order, ECF No. 125; Second Amended Complaint, ECF No. 126; see also Defs.' Mot. at 1. There are not alleged to be any substantive differences between the First and Second Amended Complaints that are relevant for purposes of adjudicating the motion to reconsider before the court.

material statements were made to third parties (and/or not made to Plaintiff) such that third parties were either permitted to connect to Plaintiff's lines without Plaintiff's notice or consent, or to use Plaintiff's capacity without permission"). Given that Defendants had failed to dispute that Plaintiff satisfied the reliance element when it alleged that third-parties relied upon the Watts, Tice Defendants' misrepresentations, the court refused to dismiss Count XV in its initial consideration. See MtD Opinion at *8. After considering Defendants' current motion and the applicable controlling case law as explained in Christakos, the court agrees with Defendants that Plaintiff cannot maintain a claim for professional negligence against the Watts, Tice Defendants as alleged. Since Plaintiff has not plausibly alleged that it either detrimentally relied upon any alleged Watts, Tice misrepresentations or that one of the primary objectives of the Watts, Tice representation of the CTSA was to benefit Plaintiff, Plaintiff cannot maintain that the Watts, Tice Defendant owed Plaintiff a professional duty of care.

### III. Conclusion

For the foregoing reasons, the court grants the Watts, Tice Defendants' motion for reconsideration pursuant to Rule 54(b). Accordingly, it is hereby

**ORDERED** that the Watts, Tice Defendants' motion for reconsideration of the denial of the motion to dismiss as to Count XV for failure to state a claim is granted; it is further

Court No. 3:19-cv-20525                                                                    Page 11

      **ORDERED** that Plaintiff's Count XV for professional negligence is dismissed as to the Watts, Tice Defendants; and it is further

      **ORDERED** that the parties shall meet with the court on Wednesday, July 15, 2026 at 3:00 PM via videoconference to discuss next steps in the litigation.

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: June 29, 2026
      Newark, New Jersey